NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. WHEATON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7162

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0584, Judge Robert N. Davis.

---

Decided: October 15, 2013

---

DAN CURRY, Randles, Mata & Brown, LLC, of Kansas City, Missouri, for claimant-appellant.

L. MISHA PREHEIM, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR. Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R.

BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM

Mr. Richard Wheaton appeals the decision of the Court of Appeals for Veterans Claims, *Wheaton v. Shinseki*, No. 11-0584 (Vet. App. Mar. 26, 2012), which affirmed the decision of the Board of Veterans Appeals that there was not Clear and Unmistakable Error ("CUE") in the Regional Office's findings relating to his claim for service connection asbestosis.

The Regional Office ("RO") had found in 1988 that Mr. Wheaton's claim, which the RO "liberally" construed to include a claim for asbestosis, was a residual of his service-connected tuberculosis. The RO denied his claim for service connection asbestosis, but granted service connection for tuberculosis at a rating of 20% with an effective date of August 24, 1988, the date of Mr. Wheaton's claim application.

In February 2003 Mr. Wheaton filed a petition to reopen his claim to include post-traumatic stress disorder, hearing loss, and tinnitus. In October 2003 the RO granted additional disability compensation at a rating of 30%, based primarily on asbestosis with chronic obstructive pulmonary disease, effective as of February 26, 2003. Mr. Wheaton argues that he is entitled to an effective date of 1988 for the additional compensation, because the Regional Office committed CUE in its 1988 decision by failing to correctly apply the law as it existed in 1988.

Mr. Wheaton's arguments are primarily that the VA doctor who examined his lungs in October 1988 did not consider his in-service asbestos exposure. The examining physician's medical report dated October 18, 1988 makes

no reference to in-service asbestos exposure. Mr. Wheaton relies on a document that he states was provided in October 1988, but that bears a VA stamp "received November 30, 1988," as establishing his in-service exposure to asbestos. The Veterans Court deemed the argument of medical error "speculative," and declined to find CUE in the 1988 decision.

On this appeal, the government states that the questions of whether and how the Regional Office, the Board, and the Veterans Court weighed medical evidence are questions of fact and thus are not within our appellate jurisdiction. Issues of diagnosis or misdiagnosis, and of whether and when evidence was provided to or considered by a treating physician, are questions of fact, and review by this court is not authorized. 38 USC §7292(d)(1)-(2); *see Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder.").

We have carefully reviewed all of Mr. Wheaton's arguments and determine that the appeal must be dismissed for lack of appellate jurisdiction.

### DISMISSED

#### COSTS

No costs.